IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO. 3:07CR154

ALI TAHER OBAD

ORDER

The defendant, Ali Taher Obad, seeks an order directing plaintiff to file a bill of particulars. [Docket no. 106]. The defendant requests information regarding the "activities, acts, actions, or inactions" with which he is charged to prepare a proper defense. Defendant also claims that he could not have been a conspirator with Jamie Hayes, who at all times was acting as an agent of the State of Mississippi.

Obad is charged in Counts One, Two, and Three of a five-count indictment with violation of Title 18, United States Code, Sections 2 and 1028(a)(1), (a)(2) and (f). Specifically, he is charged with conspiracy to produce and transfer identification documents without lawful authority, aiding and abetting another in producing identification documents without lawful authority, and aiding and abetting another in transferring, and causing to be transferred, identification documents knowing the documents were produced without lawful authority. [Docket no. 77].

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." The adequacy of an indictment is determined "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, . . . (3) the charge is specific enough to protect the defendant against a subsequent prosecution for

the same offense." *United States v. Ellender*, 947 F.2d 748, 755 (5th Cir. 1991), quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1983). Further, to comply with Rule 7(c), an indictment need not provide the evidentiary details of the government's case. *Lavergne*, 805 F.2d at 521. An indictment that identifies a range of dates and a generalized area, such as the Southern District of Mississippi, is sufficiently particular to establish the dates and location of the conspiracy. *Ellender*, 947 F.2d at 755-56.

It is well settled that in an indictment for conspiring to commit an offense, in which the conspiracy is the gist of the crime, it is not necessary to allege with technical precision all of the elements essential to the commission of the crime that is the object of the conspiracy. *United States v. Bragg*, 980 F.2d 1443 (5th Cir. 1991), citing *Wong Tai v. United States*, 273 U.S. 77, 81(1927). In the Fifth Circuit, the conspiracy charge does not have to spell out the elements of the offense the accused conspired to commit. *Id.*

The court has discretion to order a bill of particulars; the defendant does not possess a right to a bill of particulars. *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). The defendant has the burden of showing prejudice or clear abuse of discretion. *Id.* at 1359. The bill of particulars is not an instrument designed to compel the government to provide a detailed explanation of its legal theories or to produce its evidence. *Burgin*, 621 F.2d at 1358.

Obad is charged in Count One of the indictment with the crime of knowingly and intentionally conspiring with co-defendant Sheila Al-Sanabani and Hayes, who was not charged in the superseding indictment, to commit the offense of producing and transferring identification documents, which was in and affecting interstate commerce, from on or about June 4, 2006, to on or about June 27, 2007, in this district, in violation of 18 U.S.C. §§ 2 and 1028(a)(1) and (f). Count Two charges that Obad, while aiding and abetting Hayes, knowingly and without lawful

authority, produced and caused to be produced identification documents, which was in and affecting interstate commerce, on or about June 18, 2007, in this district, in violation of 18 U.S.C. §§ 2 and 1028(a)(1) .  Count Three charges that Obad, while aiding and abetting Hayes, knowingly transferred and caused to be transferred identification documents, which was in and affecting interstate commerce, on or about June 18, 2007, in this district and in violation of 18 U.S.C. §§ 2 and 1028(a)(2).

Conspiracy to knowingly and willingly produce and transfer identification documents without lawful authority is a crime under 18 U.S.C. §§ 2 and 1028(a)(1), (a)(2) and (f). Conspiracy to commit a criminal offense is separately chargeable, and in Counts One, Two, and Three of the indictment the government specified that the object of the alleged conspiracy between the defendant and his co-conspirators was to produce and transfer identification documents without lawful authority in violation of 18 U.S.C. §§ 1028(a)(1), (a)(2) and (f).

Counts One, Two, and Three identify with sufficient particularity the elements of the crime of conspiracy to produce and transfer identification documents without lawful authority, aiding and abetting another in producing identification documents without lawful authority, and aiding and abetting another in transferring, and causing to be transferred, identification documents knowing the documents were produced without lawful authority.  The indictment alleges that the conspiracy occurred between June 4, 2006 and June 27, 2007 in the Northern District of Mississippi.  The indictment also identifies the defendant's co-conspirators by name and the dates each alleged act is believed to have taken place.  Finally, the indictment identifies the criminal statutes under which the defendant is charged.  Therefore, the court finds that there is sufficient detail to allow defendant to initiate his defense against the crime with which he is charged in Counts One, Two, and Three of the indictment.

For these reasons it is ORDERED

That the defendant's requests for a bill of particulars is DENIED.

This the 27th day of October, 2008.

                                            /s/ S. ALLAN ALEXANDER
                                            U.S. MAGISTRATE JUDGE